IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| HENRY CHRISTOPHER STUBBS, III, | No. 4:23-CV-01899 |
| Plaintiff, | (Chief Judge Brann) |
| v. | (Chief Magistrate Judge Saporito) |
| UNITED STATES OF AMERICA, *et al.*, | |
| Defendants. | |

## ORDER

**MARCH 6, 2024**

Henry Christopher Stubbs, III, filed this 42 U.S.C. § 1983 complaint alleging that several federal judicial officers violated his rights by engaging in a conspiracy with state officials to ensure Stubbs' conviction and continued incarceration for murder.[1] In January 2024, Chief Magistrate Judge Joseph F. Saporito, Jr., issued a Report and Recommendation recommending that this Court *sua sponte* dismiss the complaint.[2] Chief Magistrate Judge Saporito recommends that the Court lacks jurisdiction over any action against the United States of America due to sovereign immunity, and that Stubbs has failed to adequately state a claim for relief with regard

---

[1] Doc. 1.
[2] Doc. 7.

to the judicial officers, as they are not "persons" within the meaning of 42 U.S.C. § 1983.[3]

After receiving an extension of time, Stubbs filed timely objections to the Report and Recommendation.[4] In his objections, Stubbs argues that claims against the United States are not barred by sovereign immunity because federal judicial officers conspired with state actors, meaning sovereign immunity is waived.[5] Stubbs further contends that his claims against the individual judicial officers must proceed because, contrary to Chief Magistrate Judge Saporito's recommendation, federal officials are "persons" as contemplated by § 1983 when they engage in a conspiracy with state officials.[6]

"If a party objects timely to a magistrate judge's report and recommendation, the district court must 'make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made.'"[7] Regardless of whether timely objections are made, district courts may accept, reject, or modify—in whole or in part—the magistrate judge's findings or recommendations.[8]

---

[3] *Id.*
[4] *See* Docs. 8-10.
[5] Doc. 19 at 3-5.
[6] *Id.* at 5-8.
[7] *Equal Emp't Opportunity Comm'n v. City of Long Branch*, 866 F.3d 93, 99 (3d Cir. 2017) (quoting 28 U.S.C. § 636(b)(1)).
[8] 28 U.S.C. § 636(b)(1); Local Rule 72.31.

Upon de novo review of the complaint, the Court agrees that Stubbs' complaint should be dismissed. As to Stubbs argument regarding sovereign immunity, it is wholly without legal support or merit. The Court need not comment further on the issue, other than to note that Chief Magistrate Judge Saporito correctly explained that any claim against the United States is barred by sovereign immunity.

As to the judicial officers, the Court agrees that Stubbs' claims may not proceed, but for different reasons than those outlined by Chief Magistrate Judge Saporito. First, with respect to Stubbs' request for injunctive relief, it is well settled "that 'injunctive relief shall not be granted' in an action brought against 'a judicial officer for an act or omission taken in such officer's judicial capacity unless a declaratory decree was violated or declaratory relief was unavailable.'"[9] Here, it is clear that Stubbs challenges actions taken in the judicial officers' judicial capacities,[10] and he does not claim that a declaratory decree was violated or that declaratory relief was unavailable. Accordingly, his claim for injunctive relief cannot proceed.

Second, Stubbs' request for declaratory relief likewise fails. Stubbs seeks to address conduct that has already occurred.[11] However, declaratory relief is

---

[9] *Azubuko v. Royal*, 443 F.3d 302, 304 (3d Cir. 2006) (quoting 42 U.S.C. § 1983 (brackets omitted)).

[10] That Patricia Dodszuweit is not a judge is of no moment, as judicial immunity is extended to clerks of court as well. *See, e.g., Wallace v. Abell*, 318 F. App'x 96, 99 (3d Cir. 2009).

[11] Although Stubbs pays lip service to the notion that he seeks prospective declaratory relief, his complaint—and all declaratory relief that he seeks—is aimed at undermining actions that have

"prospective in nature"[12] and cannot be applied to seek "retrospective relief."[13] Because Stubbs seeks to address actions that have already occurred, his request for declaratory relief is infirm.[14] Finally, the Court agrees with Chief Magistrate Judge Saporito's conclusion that claims against other defendants named in previous actions should be dismissed from this case, for the same reasons set forth in those prior actions.[15]

In sum, Chief Magistrate Judge Saporito accurately recommends that Stubbs' complaint be dismissed. Consequently, **IT IS HEREBY ORDERED** that:

1. Chief Magistrate Judge Joseph F. Saporito, Jr.'s Report and Recommendation (Doc. 7) is **ADOPTED**;

2. Stubbs' complaint (Doc. 1) is **DISMISSED** without prejudice for lack of jurisdiction as to the United States, and with prejudice against the individual defendants for failure to state a claim;

---

already occurred. *See* Doc. 1 at 30. The relief sought is therefore retroactive in nature, not prospective.

[12] *CMR D.N. v. City of Philadelphia*, 703 F.3d 612, 628 (3d Cir. 2013).

[13] *Bond v. DiClaudio*, No. 22-3010, 2023 WL 1990532, at *1 (3d Cir. Feb. 14, 2023).

[14] *See, e.g., Lewis v. Diaz-Petti*, No. 122CV03242NLHMJS, 2023 WL 3072684, at *6 (D.N.J. Apr. 21, 2023) (holding that "declaratory judgment is inappropriate solely to adjudicate past conduct. Nor is declaratory judgment meant simply to proclaim that one party is liable to another. A reading of Plaintiff's Complaint in toto clearly demonstrates these two objectives are exactly what he seeks to achieve" (brackets, citations, and internal quotation marks omitted)).

[15] *See* Doc. 7 at 11-12. That Stubbs apparently named an additional sixteen defendants who he had previously sued but who were not identified by Chief Magistrate Judge Saporito, Doc. 10 at 8, does not change this analysis.

3. Stubbs' motion for leave to file a motion for preliminary declaratory judgment and preliminary injunction (Doc. 11) and motion for declaratory judgment (Doc. 14) are **DENIED** as moot; and

4. The Clerk of Court is directed to **CLOSE** this case.

BY THE COURT:

*s/ Matthew W. Brann*
Matthew W. Brann
Chief United States District Judge